O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NOE GABRIEL GUTIERREZ RAMIREZ,   )     CASE NO. ED CV 12-00696 GAF (RZ)
                             )
             Petitioner,    )
                             )     ORDER SUMMARILY DISMISSING
    vs.                  )     ACTION
                             )
KATHERINE LIPEL,             )
                           )
             Respondent.   )
                           )

      The Eastern District of California transferred this case to this District on May 4, 2012.  As that court noted, Petitioner includes two different pleadings.  The first is a putative habeas corpus petition.  Buried more deeply in the transferred materials is a form civil rights complaint invoking 42 U.S.C. § 1983.  Despite the two pleadings, Petitioner really presents only one dispute, namely a malpractice and fraud suit against his civil lawyer in a car-accident case.  The action has no business in federal court, either as a habeas action, a § 1983 action or otherwise.  The Court will dismiss the action summarily, albeit without prejudice to Petitioner's pursuit of relief through a civil action in state court or other remedies.

      Petitioner Noe Gabriel Gutierrez Ramirez is a state inmate.  He is dissatisfied with the lawyer who represented him in a civil action in the wake of an auto collision in 2008.  He explains that counsel Katherine (incorrectly spelled "Kathering" in the petition)

Lipel settled his suit for $7,500 without his consent and that she even forged his signature in doing so.  But Petitioner does not pray for a reversal of any conviction or seek an accelerated release from confinement.

The principal purpose of a habeas corpus writ is to provide a remedy for prisoners challenging the *fact or duration* of their confinement and who, thus, are seeking either immediate release or a sooner-than-currently-scheduled release.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that habeas petition, not civil rights action, was proper vehicle for seeking restoration of good-time credits).  Here, if Petitioner's claims were to succeed, he would not thereby be entitled to an accelerated release from confinement.

Nor is § 1983 a proper form of relief.  Petitioner simply alleges no violation of his federal legal rights.

For the foregoing reasons, the Court DISMISSES the action without prejudice to Petitioner's pursuit of relief in state court or with state bar authorities.

IT IS SO ORDERED.

DATED: May 15, 2012

_____
GARY A. FEESS
UNITED STATES DISTRICT JUDGE